Attorneys—R. A. Sastner, for Stevens; Boyd, Cannon, Brooks & Wickham, for Jones; all of Cleveland.

### No. 822
### STEVENS et al v. PECK et al
Ohio Appeals, 1st Dist., Hamilton County
Nos. 2327, 2328, 2329. Decided Jan 14, 1924

465. ERROR—In absence of bill of exceptions reviewing court assumes regularity of trial and correctness of judgment.

787. MORTGAGES—Action upon promissory note and mortgage foreclosure, involving question of equitable title, is equitable in nature and not subject of jury trial.

CUSHING, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Action for foreclosure of mortgages and promissory note secured by such mortgages was brought in Common Pleas. The notes and mortgages were signed by Ruth Steinhibler McGee, who states that she was not aware that she owned the real estate in question and

received no consideration for said notes, but what she did was at the request of Stevens. Refusing a jury trial the court found Stevens the Equitable owner of the property in issue, that Ruth McGee held title as trustee for Stevens. Judgment was entered against Stevens and foreclosure decreed. Affirming the judgment below, the Court of Appeals held:

1. In the absence of a bill of exceptions the reviewing court will assume that the trial court acted according to law and that the evidence justified the judgment rendered. Rayland Coal Co. v. McFadden, 90 OS. 183.

2. An action upon a promissory note and foreclosure of mortgage involving the question of equitable title of the property in question is equitable in its nature and not the subject of a jury trial.

Attorneys—Charles B. Wilby, for Stevens et al; Knight & Phares, Charles S. Bell, Wm. Thorndyke, Ross, Jones & Tebbs, Cramer & Cramer, and Arthur Gordon, for Peck et al; all of Cincinnati.